**Gary and Lisa PEDERSON, Legion Indemnity Co., URC Risk Managers, Inc. and Underwriters Reinsurance Co., Plaintiffs,**

v.

**HUEY T. LITTLETON CLAIMS SERVICES OF TEXAS, INC., Danny Terry, and Steve Streetman, Defendants.**

**No. Civ.A. 1:00CV254.**

United States District Court,
E.D. Texas,
Beaumont Division.

July 12, 2001.

---

774

William J. Eggleston, W. Montgomery Briscoe, Eggleston & Briscoe, Houston, TX, Marcy Lynn Rothman, Spagnoletti & Associates, Houston, TX, for plaintiff Legion Indemnity.

Fred P. Coogan, Bell Turney Coogan & Richards, Austin, TX, for defendant Huey Littleton and Steve Streetman.

Scott Cohron Crutchfield, Crutchfield Decordova & Chauveaux, Beaumont, TX, for defendant Terry.

## MEMORANDUM AND ORDER

COBB, District Judge.

This case was removed to federal court in April, 2000, on the basis of federal question jurisdiction over the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 *et. seq.*, cause of action. Since that time, the Court has reviewed and ruled on a lengthy series of motions, conducted three hearings and an additional tele-conference, ordered and reviewed the results of an attempted mediation between the parties and has dismissed various parties on motion. The remaining active plaintiff is Legion Indemnity Company (Legion) and the remaining defendants are Huey T. Littleton Claims Services of Texas, Inc. (Littleton), and Danny Terry. Gary and Lisa Pederson, while not formally dismissed as plaintiffs, have re-

ceived their settlement and are no longer active in the case; their counsel, Mr. Jarvis, did not participate in the most recent motions hearing.

The claims pursued by Legion have narrowed to those of breach of contract and various negligence and misrepresentation causes of action. Plaintiffs previously moved to enter a First Amended Complaint which eliminates the RICO cause of action. The motion is GRANTED. The question thus becomes whether this Court retains jurisdiction over the pendent state claims.

■ Within the Fifth Circuit, when the federal question claims in a case have been dismissed, the preference is to dismiss any pendent claims founded solely in state law. *See Parker & Parsley Petroleum Co. v. Dresser Industries,* 972 F.2d 580, 585 (5th Cir.1992). However, a district court has discretion to retain supplemental jurisdiction over the state law claims upon balancing factors of judicial economy, convenience, fairness to the litigants and comity. *See Batiste v. Island Records, Inc.,* 179 F.3d 217, 227 (5th Cir.1999) (citing *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350–51, 98 L.Ed.2d 720, 108 S.Ct. 614 (1988) and *United Mine Workers v. Gibbs,* 383 U.S. 715, 716, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

■ This case resided only briefly in Texas state court, having been filed on March 16, 2000, and removed on April 12, 2000. There is little investment by that court while this Court has invested considerable time and effort, enunciated *supra,* in seeing the case to resolution. This Court has developed a strong understanding of the allegations and positions of the parties and of the pertinent law. The parties themselves have requested a trial date this fall and one will be so scheduled. No party has sought dismissal upon the abandonment of the RICO cause of action.

Further, there is no difficult or novel issue of Texas state law which remains to be considered. On these bases, it is appropriate for this Court to retain supplemental jurisdiction over the case. *See Id.* at 228.

■ Additionally, although the parties have not raised the issue, the Court notes that Legion is a citizen of Illinois, while Littleton and Terry are both citizens of Texas. To the extent that the Pedersons have not formally been dismissed from the case, they are citizens of Iowa. The amount in controversy is $150,000.00 plus various legal and investigatory fees. This exceeds the jurisdictional requirement to establish federal diversity jurisdiction under 28 U.S.C. § 1332 *et. seq.* The United States Supreme Court has determined that if the requirements for diversity jurisdiction are met at the time of judgment, even if imperfect when a case is originally removed, the jurisdictional requirements of 28 U.S.C. § 1332 and 28 U.S.C. § 1441 are satisfied. *See Caterpillar, Inc., v. Lewis,* 519 U.S. 61, 67–78, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996). In this case, the action was originally removed on federal question grounds which have evaporated, leaving a circumstance satisfying diversity jurisdiction. In any case, diversity jurisdiction will apply when this case reaches judgment. On that basis, this Court will also retain jurisdiction by reason of diversity of the parties.

It is so ORDERED.